UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON LEIGH L., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | CASE NO. 2:26-CV-1143-DWC<br><br>ORDER REVERSING AND REMANDING COMMISSIONER'S DECISION |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of his application for Supplemental Security Income ("SSI") benefits.[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## I. Factual and Procedural History

On July 24, 2023, Plaintiff filed an application for both Disability Insurance Benefits and SSI benefits, alleging her disability began June 15, 2006. *See* Dkt. 7, Administrative Record ("AR") 17. The application was denied on initial administrative review and reconsideration. AR 17. A hearing was held before ALJ Malcolm Ross on July 21, 2025. AR 35-58. At the hearing, through counsel, Plaintiff withdrew her claim to Disability Insurance Benefits and amended her alleged onset date to July 24, 2023, the application date. AR 38-40, *see* 20 C.F.R. § 416.501 ("Payment of [SSI] benefits may not be made for any period that precedes the first month following the date on which an application is filed"). Plaintiff's SSI claim is the only one at issue on appeal.

Following the hearing, the ALJ determined Plaintiff was not disabled. AR 17-34. The Appeals Council denied Plaintiff's administrative appeal, making the ALJ's decision the final decision of the Commissioner. AR 1-6; *see* 20 C.F.R. § 416.1481. Plaintiff now appeals the ALJ's decision finding Plaintiff not disabled.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly weigh the medical opinion evidence; and (2) finding Plaintiff capable of working at the medium exertional level without the use of an assistive device in the RFC. Dkt. 13, p. 1. Plaintiff requests the Court remand this case for an award of benefits. Dkt. 13, p. 18.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. Discussion

### A. *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in weighing ARNP Vicky Lee's opinion regarding Plaintiff's physical limitations, as well as the psychological opinions of Dana Harmond, Ph.D., and Shawn Kenderdine, Ph.D. Dkt. 13. ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate each opinion's persuasiveness using a series of factors. *See* 20 C.F.R. § 416.920c(a). The two most important factors are the opinion's "supportability" and "consistency." *Id.* ALJs must explain "how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [their] . . . decision." 20 C.F.R. § 416.920c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-2 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)); *see also* § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (citing 20 C.F.R. § 404.1520c(c)(2)); *see also* § 416.920c(c)(2).

*i. ARNP Lee*

ARNP Lee saw Plaintiff on January 24, 2024, at the agency's request. AR 467-71. Plaintiff's chief complaints were an ankle injury, short-term memory loss, depression, and chemical dependency. AR 467. ARNP Lee conducted a physical examination of Plaintiff. ARNP Lee noted Plaintiff could walk to the examination room with the assistance of a cane and could get on and off the exam table independently. AR 468. Her station and gait were steady, but she was unable to perform tandem testing, toe walk, heel walk or hop. AR 469. Plaintiff was able to squat and complete a Romberg test. *Id.* Plaintiff had abnormal range of motion in her ankles and 4/5 strength in her legs. *Id.*

Based on this examination, ARNP Lee concluded Plaintiff could stand and walk for less than two hours in an eight-hour workday, needed a cane to walk long distances or on uneven surfaces, and could frequently lift ten pounds. AR 470. Plaintiff could also only occasionally balance and crouch, and never use ladders, scaffolds, and ropes. *Id.* ARNP Lee believed Plaintiff should avoid working with heights and heavy machinery. *Id.*

The ALJ found ARNP Lee's opinion unpersuasive. AR 25. The ALJ determined, in part, that ARNP Lee's report was not fully supported by her examination. AR 25. The ALJ noted Plaintiff had "some decreased range of motion of the ankles and 4/5 strength," but that she "otherwise had within normal limits range of motion and full strength of the upper and lower extremities." AR 25. This finding was internally inconsistent: the 4/5 strength the ALJ noted was in Plaintiff's legs, so the ALJ's comment that Plaintiff had "full strength" in her "lower extremities" was incorrect. AR 25; *see* AR 469 ("Strength is 4/5 in bilateral lower extremities"). The finding also ignored Plaintiff's inability to tandem walk, toe walk, heel walk, and hop on

examination. AR 469. The ALJ erred by incorrectly, and incompletely, describing the examination findings supporting ARNP Lee's conclusions.

The ALJ further stated ARNP Lee's opinion "repeatedly cites non-existent ankle injuries." AR 25. The ALJ was incorrect that Plaintiff's ankle injuries were "non-existent." At Exhibit 16F, the record contains documentation from Plaintiff's May 2022 visit to the emergency room following a fall. AR 597-605. X-Rays showed a distal fibular fracture in Plaintiff's right ankle, and a suspected avulsion fracture in her left. AR 602. Plaintiff's examination and history were consistent with a mechanical fall and bilateral ankle fractures, and Plaintiff was referred to orthopedic surgery for follow-up. AR 602-03. The record, therefore, contains concrete evidence of Plaintiff's ankle injuries. Nowhere in the ALJ's decision does he cite this exhibit.

Following the conclusion that Plaintiff's ankle injuries were "non-existent," the ALJ found ARNP Lee "did not have the benefit of objective evidence. Instead she relied in part on the claimant's inconsistent self report." AR 25. But ARNP Lee's examination findings constituted "objective evidence." *See* 404 § 416.902(k) and (l) (where objective evidence includes "signs," defined as "anatomical … abnormalities" that are "shown by medically acceptable clinical diagnostic techniques."). And Plaintiff's report to ARNP Lee that she suffered an ankle injury in 2022 was documented in the record. *Compare* AR 467 ("The claimant stated she had her right ankle injured in 2022") *with* AR 597-605 (ER visit documenting Plaintiff's ankle injuries). While the ALJ was correct that ARNP Lee did not have the benefit of a February 2024 X-Ray showing bilateral ankle swelling with no acute bony

abnormality, AR 25, 474-77, this did not render Plaintiff's prior ankle injuries "non-existent." The ALJ erred with respect to this reasoning.

Lastly, the ALJ stated that ARNP Lee's opinion was "inconsistent with other physical exams during the period at issue." AR 25. The ALJ's finding is conclusory. The ALJ does not explain which other physical exams do not agree with ARNP Lee's limitations. These conclusory findings do not meet the level of specificity required for this Court to meaningfully review the ALJ's decision and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

The parties dispute whether the ALJ properly evaluated Plaintiff's physical residual functional capacity, including Plaintiff's need for a cane. Dkt. 13 at 15-18; Dkt. 16 at 11-12. Because the ALJ erred with regard to ARNP Lee's opinion, the ALJ should revisit the RFC finding on remand.

*ii. Drs. Kenderdine and Harmon*

Drs. Kenderdine and Harmon both conducted psychological examinations of Plaintiff prior to the period at issue and assessed marked limitations in Plaintiff's functional abilities. AR 490-96, 499-501. The ALJ rejected both psychologists' opinions based on problematic reasoning that bears correction on remand.

With regard to Dr. Kenderdine, for example, the ALJ found he was "[n]ot a treating source, uses different rules and did not articulate an opinion consistent with requirements outlined in DI 24503.005b2a rendering it less persuasive." AR 26. The ALJ included the same reasoning in rejecting Dr. Harmon's opinion. AR 27. This reasoning was flawed. The Commissioner's regulations define a medical opinion as "a statement from a medical source about what you can still do despite your impairment(s)," including whether a claimant has "one or more impairment-related limitations or restrictions" in various physical and psychological functional domains. 20 C.F.R. § 416.913(a)(2). Both psychologists completed "Medical Sources Statements" detailing the work-related limitations caused by Plaintiff's impairments. AR 491-492, 501. These statements, therefore, constituted medical opinions under the regulations. The ALJ, relying on Program Operations Manual System (POMS) DI 24503.005B2a, reached the contrary conclusion. But POMS DI 24503.005B2a is essentially a restatement of 20 C.F.R. § 416.913(a)(2). It supports, rather than detracts from, the conclusion that Drs. Kenderdine and Harmon rendered medical opinions that needed to be evaluated. On remand, the ALJ should re-evaluate these opinions.

*iii. Harmless Error*

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173

(9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

As discussed, ARNP Lee believed Plaintiff could stand and walk for less than two hours in an eight-hour workday, needed a cane to walk long distances or on uneven surfaces, and could only frequently lift ten pounds. AR 470. The vocational expert testified that the need for a cane would eliminate the jobs relied on by the ALJ at step five. AR 55. Further, a restriction to sedentary work, which may have been warranted based on ARNP Lee's opinion regarding Plaintiff's lifting abilities, would result in a finding of "disabled" under the Medical-Vocational Guidelines. *See* 20 C.F.R. Part 404, Subpart P, App. 2, Rule 201.12. Accordingly, the ALJ's error is not harmless and requires reversal.

B. *Remand for Further Proceedings*

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 13 at 18. Defendant maintains there are outstanding issues that must be resolved on remand. Dkt. 16 at 12-13. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined the ALJ must re-evaluate the medical opinion evidence and finds issues remain which must be resolved concerning Plaintiff's functional capabilities. Therefore, remand for further administrative proceedings is appropriate.

**IV. Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 25th day of September, 2026.

David W. Christel
United States Magistrate Judge